[No. 1920.   Decided February 11, 1896.]

PETER COGGINS, *Appellant*, v. THE CITY OF SEATTLE, *Respondent.*

CONTRACT — INTERPRETATION.

Under a contract providing that the plaintiff was to receive forty cents per ton for hauling water pipe from the cars to a certain wharf, and eighty-five cents per ton if required to distribute the pipe from the cars to other points in the city, as directed by the superintendent of water works, and eighty cents per ton if hauled from the wharf to any other part of the city, the plaintiff is entitled to eighty-five cents per ton, when directed by the defendant to haul from the cars to certain other points in the city than the wharf, which had been abandoned for storage purposes on account of its insecurity. (HOYT, C. J., dissents).

Appeal from Superior Court, King County.— Hon. RICHARD OSBORN, Judge.   Reversed.

*Allen & Powell*, for appellant.

*W. T. Scott*, and *Frank A. Steele*, for respondent.

The opinion of the court was delivered by

SCOTT, J.—Appellant brought this action to recover the sum of $202.79 alleged to be due him from the city for hauling water pipe under a written contract, the material parts of which are as follows:

"Whereas, it is desired on the part of said city that said pipe be hauled from said cars to the wharf occupied by the city near the foot of Spring street, or to other points of the city as may hereafter be determined upon, now therefore,

"It is hereby agreed as follows:

"Said party of the second part (Coggins) agrees that upon the arrival of said pipe he will with reasonable diligence and promptness haul such quantities and amounts thereof as the superintendent of water works

shall direct to the said wharf occupied by the city near the foot of Spring street in said city and with like diligence and promptness will haul such quantity and amount of such pipe to other points in the city as shall be directed by said superintendent of the water works, and that he will thereafter haul such quantities and amount of said pipe as said superintendent shall direct where the same is needed for the water system of the city. . . . In all cases said pipe shall be delivered at the point or points, or along such routes designated by said superintendent. When any of said pipe is hauled from cars said party of the second part shall unload the same from the cars and the cost of such unloading is included in the cost of hauling as herinafter stated. In all cases when pipe is being hauled it shall be piled in such manner as the said superintendent shall direct and the cost of piling shall be included in the price for hauling as hereinafter stated. . . . And the party of the first part (the City of Seattle) hereby agrees to pay the party of the second part, for the due and punctual performance of this agreement at the following rates, to wit,

"For all pipe unloaded from cars, hauled and piled on said wharf forty cents (40) per ton.

"For all pipe unloaded and hauled from cars to any part of the city other than said wharf as directed by said superintendent, including delivery at such points, or along such routes as said superintendent shall direct, eighty-five cents (85) per ton.

"For all pipe hauled from said wharf to any part of the city as directed by said superintendent, including delivery at and along points or routes so designated, eighty cents (80) per ton."

After some of the pipe had been hauled to the Spring street wharf, the superintendent of the water works directed appellant to haul no more pipe there and told him to haul a certain quantity of it to the corner of Jackson and South Second streets and to the corner of Grant and Dearborn streets in said city,

and the rate for this hauling is the matter in dispute, the appellant claiming the rate to be eighty-five cents and the respondent forty cents per ton. Issue was joined and a trial had, and the court instructed the jury to find a verdict for the defendant.

Some proof was introduced to show a subsequent agreement between the parties to the effect that the appellant agreed to haul the pipe to the localities in question in lieu of and for the same price that he was to haul the same to the Spring Street wharf. But this was a disputed question, and the court having instructed the jury to find for the defendant, thé only point to be considered upon this appeal is the construction of the contract.

The respondent contends that it is apparent that the object in placing the pipe at the Spring Street wharf was simply to store it, for which only forty cents a ton was to be charged, and that after a portion of it had been stored there it was found that said wharf was insecure and that appellant was directed to haul the pipe to the other localities mentioned for the purpose of storing it there in lieu of the Spring Street wharf, and that he could recover only forty cents therefor under the contract.

It seems the court construed the contract to mean that the appellant was entitled to receive only forty cents a ton for hauling the pipe from the cars to these other localities or to any other points that the superintendent of water works might direct in lieu of the wharf. But we cannot agree with this construction. The terms of the contract are plain and unambiguous. If the plaintiff was required to haul the pipe to the wharf he was to receive forty cents per ton, and if he was required to haul it from the cars to any other place in the city he was to receive eighty-five cents per ton,

and if from the wharf to any other part of the city eighty cents per ton; and under the terms of this contract appellant was, entitled to recover. As to. whether a subsequent contract was entered into to deliver the pipe at the points mentioned in lieu of the Spring Street wharf was a question of fact for the jury.

Reversed.

DUNBAR, ANDERS and GORDON, JJ., concur.

HOYT, C. J. (*dissenting*). In my opinion the contract provided two prices for hauling — one to the place of storage and the other to the place where the pipe was to be used, the latter to include distribution along the line. I therefore think that the ruling of the superior court was right and should be affirmed.