[No. 2408. Decided February 16, 1897.]

PETER COGGINS, *Appellant*, v. THE CITY OF SEATTLE, *Respondent*.

MODIFICATION OF CONTRACT — EVIDENCE.

In an action upon a contract which provided that plaintiff was to receive forty cents per ton for hauling water pipe from the cars to a certain storage ground, and eighty-five cents per ton if required to distribute the pipe from the cars to other points in the city, as directed by the superintendent of water works, in which an issue has been raised as to a modification of the contract, in regard to hauling to new storage grounds, evidence tending to show that plaintiff could afford to make the modification is not competent to show he did make it, nor is the fact of his hauling to said storage points under the direction of the superintendent competent to show acquiescence in the modification of the contract, since under the contract plaintiff was required to haul where directed.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge.   Reversed.

For statement of facts in case, see 13 Wash. 671.

*Allen & Powell*, for plaintiff.
*John K. Brown*, and *F. B. Tipton*, for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—This is the second appeal in this action. The decision upon the former appeal will be found in 13 Wash. 671 (43 Pac. 943), where a judgment in favor of the defendant was reversed, and the cause was remanded for trial upon the issue as to whether a subsequent contract was entered into to deliver a quantity of the pipe at the corner of Jackson and South Second streets, and at the corner of Grant and Dearborn streets in said city, in lieu of the Spring street wharf. The second trial resulted in a verdict and judgment for the defendant also, and the plaintiff appeals. On this trial the court admitted evidence to show that the distance from the cars to the places aforesaid where the pipe was delivered was no greater than from the cars to the Spring street wharf, and evidence showing the length of some of the other hauls made under the contract, the condition of the streets as to grades, etc., and also instructed the jury in substance that if the defendant requested the plaintiff to haul said pipe to the points in question instead of to the wharf, and the plaintiff did so without objection, he thereby became bound by acquiescence to make the haul for the lesser price. These matters are all alleged as error by the plaintiff, and we think the points are well taken, for the evidence as to whether the plaintiff could afford to make the modification in question was not competent to show that he did make it, nor was the fact of his hauling to said points under the direction of defendant's agents relevant or competent to show the modification of the contract, for, under that contract, he was bound to haul it there if directed to do so.

We think this covers substantially all the questions raised upon this appeal.

Reversed and remanded for a new trial.

REAVIS, DUNBAR and GORDON, JJ., concur.